Per Curiam.
The disallowance was made upon the settlement of the interrogatories and an order disallowing the interrogatories was entered. Uline v. N. Y. C. & H. R. R. Co., 79 N. Y 179, determines that such an order can be reviewed upon appeal.
The order did not disallow the interrogatories absolutely, as not pertinent to the issue. They appear to be pertinent to the issue. They were disallowed on the condition which was complied with, that plaintiff should file a stipulation “ that the banking business obtained by the plaintiff in Iroquois, Dakota, was of the value of $1,000.”
It does not with certainty and beyond doubt appear, that this admission would avail to support the answer as much, as would answers to the interrogatories, if they should be favorable to defendant. Assuming, but not deciding, that the defendant might be forced to take an admission of a fact instead of evidence of the fact, there should be no manner of doubt that the admission would benefit the defendant to the same extent that the evidence would.
On the issues as made, the fact that the business was worth only $1,000, would not be as important to defendant as proof that it was worth $10,000 or more than $1,000. There might be at least, under the evidence, circumstances which could be considered by a jury, as to the probability that the plaintiff made the arrangement pleaded in the answer.
On the settlement of interrogatories the sufficiency of the answer, as a defence, should not be considered. The pertinency of the proposed interrogatories to the issue as made, is alone to be determined. In the present case, the proposed admission did not embrace profits from the business acquired by the plaintiff. Answer to the interrogatories might have disclosed that *260 plaintiff did receive profits, and the answer set up as a defense the receipt of such profits.
The order should be reversed with $10 costs and the interrogatories excluded should be allowed.